■ GREATEX REALTY COMPANY, Appellant, v FOODMAKER INC., Respondent.—Judgment, Supreme Court, New York County, entered as resettled October 8, 1976, after trial to the court without a jury, unanimously reversed to the extent appealed from, on the law and the facts, and judgment rendered in favor of plaintiff-appellant against defendant-respondent upon the first cause of action, with $60 costs and disbursements to plaintiff-appellant. No appeal was taken from judgment dismissing the second cause of action. We consider only the first cause. Defendant owned a

warehouse, then not in use, which it sought to dispose of; plaintiff evinced interest in purchase on terms stated in a letter of intent setting forth the proposed terms, and covering "a good faith deposit" in the form of a $25,000 check. The advanced moneys were to be returned "without delay" "if for any reason whatsoever the proposed transaction is not consummated." There was a further discussion at a meeting of attorneys for both parties, in which defendant advanced other proposals radically differing from those in the offering letter. The parties did not thereafter meet, each perfecting a different transaction on its own: defendant leased the property to another prospect, and plaintiff found another property satisfying its requirements. Less than a month after the aborted discussion, plaintiff requested return of its deposit; it was not returned. This action eventuated, the first cause seeking repayment, the second consequential damages. Trial Term gave defendant judgment of dismissal, holding plaintiff had acted in bad faith by not negotiating further after the last meeting. We find, to the contrary, that there was no proof of bad faith on plaintiff's part. It had stated its terms unequivocally in its offer to buy and was not bound to go further when defendant stated proposals in direct contradiction of the offer. On this factual pattern, plaintiff was under no obligation to bargain in respect of the counterproposals of defendant. There was actually no more than an unenforceable gesture at a possible agreement, and, it having failed, plaintiff was entitled to return of its money "if for any reason whatsoever the proposed transaction [was] not consummated." We therefore grant judgment as it should have been granted (CPLR 5522; *Glidden v Metropolitan Life Ins. Co.*, 41 AD2d 621). Settle order on notice. Concur—Stevens, P. J., Kupferman, Silverman and Markewich, JJ.